IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT PATRICK RITTER,

        Plaintiff,

v.

FLORENCE CITY POLICE
DEPARTMENT, JOHN PITCHER,
Chief of Police, and JANE DOE,
Officer,

        Defendants.
_____

Case. No. 6:25-cv-01767-MC

OPINION & ORDER

MCSHANE, Judge:

    Plaintiff Robert Patrick Ritter, proceeding *pro se*, alleges a violation of his civil rights under 42 U.S.C. § 1983 ("Section 1983") by the Florence City Police Department, Chief of Police John Pitcher, and an unnamed officer, Jane Doe. Compl., ECF No. 1. Plaintiff seeks leave to proceed *in forma pauperis* in this action. ECF No. 2. Plaintiff has also filed a Motion for Preliminary Injunction with a supporting declaration. ECF No. 3; Ritter Decl., ECF No. 4.

    Plaintiff's request to proceed *in forma pauperis* (ECF No. 2) is GRANTED. Plaintiff's Motion for Preliminary Injunction (ECF No. 3) is DENIED. The Complaint (ECF No. 1) is dismissed with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's "Petition for Mandamus Relief" attached to the Complaint is dismissed *with prejudice*.

## SUMMARY OF FACTUAL ALLEGATIONS

    Plaintiff alleges that on or about September 1, 2025, he "attempted" to file a criminal

1 – Opinion & Order

complaint at the Florence Police Department. Compl. 1. He claims the Department "refused to accept or process" his complaint regarding an alleged illegal recording and dissemination of a private conversation and ensuing threats to himself and his wife. *Id.* at 1–2. Plaintiff alleges he provided "clear evidence of criminal conduct" with his criminal complaint. *Id.* at 1. As a result of Defendants' refusal, Plaintiff asserts his ability to "preserve evidence and pursue legal remedies" has been "obstructed." *Id.* at 2. Plaintiff includes no further allegations describing the involvement of any specific Department staff or officers.

## LEGAL STANDARD

### I.     Proceedings *In Forma Pauperis*

This court has discretion in deciding whether to grant *in forma pauperis* status. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To qualify for *in forma pauperis* status, a civil litigant must demonstrate that the litigant is unable to pay court fees. 28 U.S.C. § 1915(a)(1); *O'Loughlin*, 920 F.2d at 617. A Court must also assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B).

### II.    Civil Rights Pleading Standard

When screening a complaint for failure to state a claim under § 1915(e)(2)(B), the Court applies the same standard it applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal citation omitted). The Court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

### III.    Preliminary Injunction

A plaintiff seeking a preliminary injunction must establish: (1) likelihood of success on the merits; (2) irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). When there are "serious questions going to the merits," a court may still issue a preliminary injunction when "the balance of hardships tips sharply in the plaintiff's favor," and the other two factors are met. *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (internal quotations omitted). The Court's decision on a motion for a preliminary injunction is not a ruling on the merits. *See Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

## DISCUSSION

Here, the Court is satisfied with Plaintiff's showing of indigency. Plaintiff's petition to proceed *in forma pauperis* (ECF No. 2) is GRANTED.

### I.    The Complaint fails to state a claim.

As to the Department, local public entities can only be sued for civil rights violations in accordance with *Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658 (1978). To state a *Monell* claim a plaintiff must make specific allegations regarding a "deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation [they] suffered." *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013) (quoting *Galen v. County of Los Angeles*,

3 – Opinion & Order

477 F.3d 652, 667 (9th Cir. 2007) (as amended)). Here, Plaintiff states the refusal of his criminal complaint "reflects a policy or practice of the Department," but does not state what the policy or practice is or how it caused his alleged constitutional injury. Ritter Decl. ¶ 7. Because Plaintiff's subjective belief is insufficient to state a *Monell* claim, Plaintiff's *Monell* claim must be dismissed.

As to Chief Pitcher and Jane Doe, the complaint is unclear whether these defendants are named in their individual or official capacities. Because an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity," and therefore duplicative of Plaintiff's *Monell* claim, the Court liberally construes Plaintiff's claims against Chief Pitcher and Jane Doe as individual capacity claims. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). For such claims brought under Section 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *OSU Student All. v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012). Accordingly, supervisors "may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676. A plaintiff must plead facts plausibly establishing the supervisor's personal involvement in the constitutional deprivation, or that sufficient causal connection exists between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011); *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018).

Plaintiff has not stated a claim against either Chief Pitcher or Jane Doe because he does not identify actions they took or personal involvement, direct or indirect, in his constitutional violations. The Complaint instead largely relies on statements of legal conclusions in the place of factual allegations and thus fails to state a claim. *See Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) ("Taken together, *Iqbal* and *Twombly* require well-pleaded facts, not

legal conclusions that 'plausibly give rise to an entitlement to relief.' The plausibility of a pleading thus derives from its well-pleaded factual allegations." (internal citations omitted)).

Additionally, Plaintiff's allegations do not reflect any violation of a federal constitutional right. Plaintiff "does not have a constitutionally protected right to have the police investigate his report in a particular way, to police protection, or to have the police arrest an alleged assailant," whether under the First or Fourteenth Amendments to the U.S. Constitution. *Clark v. Milwaukie Police Dep't*, 2022 WL 4473487, at *5 (D. Or. Sept. 15, 2022); *see Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1045 (9th Cir. 1994) ("The police have no affirmative obligation to investigate a crime in a particular way or to protect one citizen from another even when one citizen deprives the other of liberty [or] property."). Because the Complaint does not implicate any constitutional rights, there is also no denial of constitutionally required procedural due process. Furthermore, Plaintiff has not alleged he was treated differently because of his membership in a protected class, or on an individual basis as a "class of one," to sustain an Equal Protection claim. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564–65 (2000) (recognizing "equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment").

The Complaint is subject to dismissal in its entirety.

5 – Opinion & Order

**II.     Plaintiff has not shown he is entitled to a preliminary injunction.**

Because the Complaint fails to state a claim, Plaintiff has not shown a likelihood of success on the merits under the first *Winter* factor. Plaintiff's Motion for Preliminary Injunction (ECF No. 3) is therefore DENIED.

Plaintiff also included as an "Attachment" to the Complaint a "Petition for Mandamus Relief – Police Refusal to Accept Criminal Complaint" addressed to the U.S. Department of Justice, requesting that the Court order the Federal Government to investigate and oversee the Department. ECF No. 1-2. Mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes" in cases as extreme as a "judicial usurpation of power, or a clear abuse of discretion" by a court. *Cheney v. U.S. Dist. Court,* 542 U.S. 367, 380 (2004) (internal quotations and citation omitted). Accordingly, Plaintiff's request is not a proper invocation of mandamus. Plaintiff's "Petition" also fails if it is interpreted as seeking injunctive relief. First, as discussed, Plaintiff not shown a likelihood of success on the merits under *Winter*. In addition, Plaintiff appears to seek to enjoin the United States, which is not a party to this case, and is therefore beyond the Court's jurisdiction. *See Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1985) ("Under Federal Rule of Civil Procedure 65(d), an injunction binds only 'the parties to the action, their officers, agents, servants, employees, and attorneys, and . . . those persons in active concert or participation with them.'"); *see also Citizens Alert Regarding the Env't v. U.S. E.P.A.*, 259 F. Supp. 2d 9, 17 n.7 (D.D.C. 2003), *aff'd*, 102 Fed. App'x 167 (D.C. Cir. 2004) (a district court is "powerless to issue an injunction against" an entity that is "not a party to [the] action"). Plaintiff's "Petition for Mandamus Relief" is dismissed with prejudice.

6 – Opinion & Order

**CONCLUSION**

Plaintiff's petition to proceed *in forma pauperis* (ECF No. 2) is GRANTED, and Plaintiff's Motion for Preliminary Injunction is DENIED (ECF No. 3).

Because Plaintiff is self-represented and his pleadings have not previously been dismissed in this case, the Complaint is dismissed with leave to amend. Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint correcting the deficiencies identified in this Order. Plaintiff is advised that failure to file an amended complaint in the allotted time will result in the entry of a judgment of dismissal without further notice.

IT IS SO ORDERED.

DATED this 6th day of October, 2025.

                                        _____/s/ Michael McShane_____
                                                Michael McShane
                                       United States District Judge