IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ROBERT PATRICK RITTER,

        Plaintiff,

v.

FLORENCE CITY POLICE DEPARTMENT, JOHN PITCHER, Chief of Police, and JANE DOE, Officer,

        Defendants.

_____

Case. No. 6:25-cv-01767-MC

OPINION & ORDER

MCSHANE, Judge:

      Plaintiff Robert Patrick Ritter, proceeding *pro se* and *in forma pauperis*, brings this action against the Florence City Police Department, Chief of Police John Pitcher, and an unnamed officer, Jane Doe, alleging a violation of his civil rights under 42 U.S.C. § 1983 ("Section 1983"). Compl., ECF No. 1. Following screening by the Court pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff filed a First Amended Complaint. FAC, ECF No. 8. Defendants filed an Answer to the FAC on November 18, 2025. ECF No. 9. Notwithstanding Defendants' Answer, the Court proceeds to screen the FAC pursuant to 28 U.S.C. § 1915(e)(2)(B) and finds the FAC (ECF No. 8) is subject to dismissal.

**SUMMARY OF FACTUAL ALLEGATIONS**

      Plaintiff alleges that on or about September 1, 2025, he "attempted" to file a criminal

1 – Opinion & Order

complaint at the Florence Police Department. FAC ¶ 9. He claims the Department "refused to accept or process" his complaint regarding alleged illegal recording and dissemination of a private conversation and ensuing threats to himself and his wife. *Id.* ¶¶ 10–12. Plaintiff alleges he provided "clear evidence of criminal conduct" with his criminal complaint. *Id.* ¶ 11. As a result of Defendants' refusal, Plaintiff asserts his ability to "preserve evidence and pursue legal remedies" has been "obstructed." *Id.* ¶¶ 13, 18. He also states, although he requested "video and documentation" of this "incident," he was refused. *Id.* ¶ 16. Plaintiff alleges Jane Doe was present and acting "under the direction" of Chief Pitcher when his complaint was refused. FAC ¶ 14.

## LEGAL STANDARD

When screening a complaint for failure to state a claim under § 1915(e)(2)(B), the Court applies the same standard it applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal citation omitted). The Court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

## DISCUSSION

Plaintiff's Substantive and Procedural Due Process claims appear subject to dismissal.[1]

---

[1] The Court liberally construes claims against Chief Pitcher and Jane Doe as individual capacity claims. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

2 – Opinion & Order

FAC ¶¶ 17–18. Plaintiff casts his claims under the "state-created danger doctrine." FAC p.3. Plaintiff must plead facts that a state official participated in creating a dangerous condition and acted with deliberate indifference to the known or obvious danger from subjecting Plaintiff to it. *See Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1062 (9th Cir. 2006). Plaintiff's constitutional injury must be a foreseeable consequence of the official's actions. *See Huffman v. County of Los Angeles*, 147 F.3d 1054, 1061 (9th Cir. 1998). Here, Plaintiff alleges no facts connecting the Department or its officers to any harm, such as assurances to those who allegedly threatened him or the exact nature of the danger he faced as a result. *Cf. Okin v. Vill. of Cornwall-On-Hudson Police Dep't*, 577 F.3d 415, 428 (2d Cir. 2009) (holding that affirmative conduct of government official could support due process violation if the conduct communicated, explicitly or implicitly, official sanction of private violence and collecting cases); *Penilla v. City of Huntington Park,* 115 F.3d 707 (9th Cir.1997) (finding viable claim against officers who, after finding a man in grave need of medical care, cancelled a request for paramedics and locked the man inside his house).

Furthermore, Plaintiff "does not have a constitutionally protected right to have police investigate his report in a particular way, to police protection, or to have the police arrest an alleged assailant" under the Fourteenth Amendment.[2] *Clark v. Milwaukie Police Dep't*, 2022 WL 4473487, at *5 (D. Or. Sept. 15, 2022); *see Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1045 (9th Cir. 1994) ("The police have no affirmative obligation to investigate a crime in a particular way or to protect one citizen from another even when one citizen deprives the other of liberty [or] property."). Because the state-created danger doctrine does not create a "broad rule that makes state officials liable . . .

---

[2] Plaintiff refers to "clear evidence and statutory mandates," but does not refer to any specific provisions. ECF No. 8-1.

3 – Opinion & Order

whenever they increase the risk of some harm," and Plaintiff's allegations do not otherwise reflect any violation of a constitutional right, the Court cannot find Plaintiff has plausibly established constitutional injury was foreseeable here or Defendants' refusal to act reflected deliberate indifference. FAC ¶ 17; *see Huffman*, 147 F.3d at 1060–61. Because Plaintiff's allegations do not implicate his constitutional rights, there is also no denial of constitutionally required procedural due process.

Plaintiff's claim against the Department under *Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658 (1978) is also subject to dismissal. To state a *Monell* claim, a plaintiff must make specific allegations regarding a "deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation [they] suffered." *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013) (quoting *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (as amended)). First, as discussed, Plaintiff has not plausibly established he was deprived of a constitutional right, which is a necessary showing. *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). In addition, the FAC does not adequately describe the Department policy it challenges. Plaintiff simultaneously alleges the Department has a policy of "refusing citizen complaints *without* supervisory approval," but also that Chief Pitcher "maintains a policy . . . of *requiring* supervisory approval before accepting citizen complaints." FAC ¶¶ 15, 20 (emphasis added); *see also id.* at p.4 ("policy or custom of refusing citizen complaints without supervisory approval."). Plaintiff also alleges Chief Pitcher "personally participated" in the decision, suggesting a supervisor was involved, but without clarifying the terms of the policy or practice Plaintiff claims violated his constitutional rights. *See id.* ¶ 21. For these reasons, Plaintiff's *Monell* claim is subject to dismissal.

Lastly, Plaintiff has not alleged facts that plausibly establish discrimination against him as

a "class of one" in violation of the Equal Protection Clause of the Fourteenth Amendment. To state a claim based on a class-of-one theory, a plaintiff must allege a defendant intentionally treated the plaintiff differently than other similarly situated individuals without a rational basis. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564–65 (2000); *see Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff does not allege facts to support this claim and instead the FAC merely restates the legal definition the claim—that he was "treated differently than similarly situated complainants, with no rational basis for the refusal." FAC ¶ 19; *see also* ECF No. 8-1. This is insufficient to state a claim. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) ("The plausibility of a pleading . . . derives from its well-pleaded factual allegations.").

## CONCLUSION

Plaintiff's pleadings have already been dismissed in this case, and the Court finds based on the allegations of the First Amended Complaint that deficiencies in the pleadings could not be cured by further amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court therefore orders the First Amended Complaint (ECF No. 8) DISMISSED without leave to amend.

IT IS SO ORDERED.

DATED this 2nd day of December 2025.

      /s/ Michael McShane
      Michael McShane
      United States District Judge

5 – Opinion & Order